Martin, J.
The plaintiff states, the defendant promised to sell him a negro man, for the price of $650, engaging to secure him against any future claim, or to deliver him his title,whereupon the plaintiff paid the said sum, and received the slave: and the act of sale was postponed till the compliance of the defendant with either part of his engagement; that he has not complied, and refuses to receive the slave and return the price.
The answer states, that the sale was a perfect one; the slave was delivered, and the price paid; alleges the title was a good one. The defendant bought the slave from Dr. Williams of Baton rouge, before the parish judge, and would have given the plaintiff a copy of the sale, if the letter by which he applied for it, had not miscarried. He is now ready to do so. He concluded by a general denial.
There was judgment for the plaintiff and the defendant appealed.
Carlisle Pollock deposed, that by the direc *86 tions of both parties, he drew an act of sale for the slave, which being read to them, the plaintiff refused to sign, as the defendant did not produce his title. The latter was then in possession of the former’s note for the price of the slave, and promised to send up the river for the title, and to produce it on a given day, and the note was left with the deponent, it being agreed, that if the latter was not produced on the given day, the plaintiff should resume his note and the defendant the slave. The title was not produced on the given day. In the mean time, this deponent was told by the plaintiff, that he had discovered defects in the slave; was suspicious of the title, and requested him not to suffer the act to be executed. The defendant came some time after, and told the deponent he had seen the plaintiff, at whose desire he came to subscribe the act. The deponent, confiding in him, allowed him to sign. The plaintiff came after, denied having consented to the signature of the act, and declared life unwillingness to sign it. The defendant had received the plaintiff’s note, on his special promise not to use it till the completion of the act, and on its being demanded of him by *87 the plaintiff, said he had negotiated it. The deponent thinks the time agreed upon to produce the title was four or five days, and it was expired, when the plaintiff desired the act might not be signed.
A bill of exceptions was taken to the admission of testimony, and the deposition was properly received.
The promise to sell not being written, was of no effect, Civ. Code; and according to the decision of this court, in the case of De Clouet vs. Villere & al. the defendant was not bound till the act was completed by the signature of the plaintiff. The latter could not be till he signed. Had the defendant negotiated the note of the plaintiff, before he deposited it with the notary, and made use of the proceeds; he might have insisted on the completion of the sale, if he produced the title, or give surety in due time. But he improperly obtained it from the notary, and is, therefore, bound to refund. I think we ought to affirm the judgment of the parish court.